(36 Misc. Rep. 38.)

### HASKINS v. GEORGE A. FULLER CO. et al.

(Supreme Court, Special Term, New York County. September, 1901.)

1. RIGHTS OF TENANT—DEMOLITION OF BUILDING.

Where plaintiff sued to restrain defendants from demolishing a building in which he was a tenant of a store on the first floor, with no rights in the upper floors, the landlord will be permitted to remove the upper floors, provided that he first roofs the store and preserves the flues.

2. SAME—INJUNCTION.

In a suit by a tenant to enjoin demolition of building, defendants interested in obtaining possession, but not connected with acts of demolition, will not be restrained.

Action by Laura J. Haskins against the George A. Fuller Company and others. Injunction granted as to certain defendants.

James A. Allen, for plaintiff.
Duer, Strong & Whitehead, for defendant Fuller Co.
Spiegelberg & Wise, for defendants Nathan and Isidor Strauss.

DUGRO, J. Aside from a claim of irreparable damage, the gist of the plaintiff's complaint is that in 1899 she became, and ever since has been, lawfully entitled to the possession of the first floor of premises No. 117 West Thirty-Fourth street, and that defendants are removing the building upon the premises in violation of her rights. It appears that the defendants have begun the demolition of the upper part of the building, and that they propose to remove so much of it as is above the plaintiff's store, first providing a proper roof over the store. The plaintiff, upon the argument, claimed not only the right to have the premises which are expressly referred to in her lease preserved from destruction, but the upper part of the building as well. In the complaint, however, no claim of this character is made. There is no showing that the premises above the store are connected with or appurtenant to the store, and while the lease is silent as to any right respecting the upper floors, and thus the agreement of letting is open to explanation by a showing of general usage or custom, neither custom nor usage is alleged or shown. It

does not appear that the defendants have not the right to remove the upper part of the building, provided they first properly roof the plaintiff's store and substantially preserve the flues; but, though the defendants may have this right, it cannot be exercised except in such a way as will not substantially interfere with the beneficial enjoyment of the premises demised to the tenant. The defendants Nathan and Isidor Strauss are interested in obtaining possession of the property, but it does not appear that they are connected with the acts of which the plaintiff complains, or that there is reason to fear any illegal act on their part against the plaintiff's right; and, as the granting of an injunction, because of the nature of the action, would apparently be injurious to them, the injunction will be continued only so far as to prohibit the other defendants from tearing down or removing any portion of the building in any way that will materially interfere with the plaintiff's right to the beneficial enjoyment of her possession of the basement store in question. Should it at any time appear that the defendants who are not restrained by the injunction are interfering as against the plaintiff's right, application to enjoin them can readily be made.

Ordered accordingly.